# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND SAFDIE,<br><br>                      Plaintiff,<br>   vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                      Defendants. | CASE NO. 09cv2352 DMS (JMA)<br><br>**ORDER DENYING PLAINTIFF'S PETITION FOR ORDER RELIEVING HIM FROM PROVISIONS OF CALIFORNIA GOVERNMENT CODE § 945.4**<br><br>**[Docket No. 4]** |

      This matter comes before the Court on Plaintiff's petition for an order relieving him from the provisions of California Government Code § 945.4. Defendants Southwestern Community College and Edmund Guerrero have filed an opposition to the motion, and Plaintiff has filed a reply. For the reasons discussed below, the Court denies the petition.

## I.
## BACKGROUND

      This case arises out of Plaintiff's participation in an Electronics 10A course at Southwestern Community College in Chula Vista, California. On June 5, 2007, Plaintiff reported to the classroom where he encountered the instructor, Defendant Edmund Guerrero. Plaintiff alleges Defendant Guerrero made Plaintiff fill out his enrollment form while all the other students watched and waited, which caused Plaintiff to be embarrassed.

///

1  The following day, Plaintiff went to the Admissions Office to complete his paperwork, where he again encountered Defendant Guerrero. Plaintiff alleges Defendant Guerrero physically removed Plaintiff from the Admissions Office and verbally harassed and threatened him.

As a result of this incident, Plaintiff attempted to withdraw from the class, but he was unable to do so. He continued to attend the class, where Guerrero continued to physically and verbally assault Plaintiff.

Plaintiff completed the class, and received a "B" grade. He alleges that he should have received an "A."

Plaintiff attempted to have his grade changed to an "A" by meeting with Guerrero and College administrators. Those attempts were unsuccessful. Plaintiff also filed complaints with the Accrediting Commission for Community and Junior Colleges ("the Commission"), which were resolved to his dissatisfaction on February 19, 2009.

On May 10, 2009, Plaintiff, with the assistance of his present counsel, filed an application for leave to present a late claim to the California Victim Compensation and Government Claims Board ("the Board"). The Board rejected that claim on June 18, 2009.

On October 22, 2009, Plaintiff filed the present case alleging claims for denial of due process, assault and battery, and infliction of emotional distress. He originally named the State of California, the California Community Colleges System, Southwestern Community College and Edmund Guerrero as Defendants. However, he later dismissed the State and the California Community Colleges System. Defendants Southwestern Community College and Guerrero requested permission to file a motion to dismiss Plaintiff's Complaint, but the Court stayed that response pending resolution of the present petition. Plaintiff now seeks an order relieving him from the filing requirements of the California Government Code.

## II.

## DISCUSSION

California Government Code § 911.2 provides that claims for personal injury "shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action." Cal. Govt. Code § 911.2(a). If a claim is not presented within that

1  time, "a written application may be made to the public entity for leave to present that claim." Cal.
2  Govt. Code § 991.4(a). The application for leave to present a late claim "shall be presented to the
3  public entity as provided in Article 2 (commencing with Section 915) within a reasonable time not to
4  exceed one year after the accrual of the cause of action and shall state the reason for the delay in
5  presenting the claim." Cal. Govt. Code § 911.4(b). If the application for leave to present a late claim
6  is denied, "a petition may be made to the court for an order relieving the petitioner from Section
7  945.4." Cal. Govt. Code § 946.6(a). However, if the application for leave to present a late claim is
8  not timely filed with the appropriate public entity, "the court is without jurisdiction to grant relief
9  under section 946.6." *Los Angeles v. Superior Court*, 91 Cal. App. 4th 1303, 1314 (2001) (citations
10 omitted).

11    In this case, the parties dispute when the cause of action accrued, and therefore, whether any
12 of the claims were timely filed. Defendants assert the cause of action for assault and battery accrued
13 on the date of the alleged assault, June 27, 2007, and the due process cause of action accrued on July
14 2, 2007, when Plaintiff received his grade for the course. Plaintiff argues his claims did not accrue
15 until January 23, 2009, pursuant to the continuing violations doctrine and equitable tolling.

16    Although the continuing violations doctrine may apply to the government claims process,
17 Plaintiff fails to explain how that doctrine applies to the facts of this case. Plaintiff alleges Defendant
18 Guerrero assaulted him on more than one occasion, but the last assault occurred on June 27, 2007.
19 There are no allegations that Guerrero's abusive conduct continued after that date. Furthermore,
20 Plaintiff was allegedly deprived of due process when he received a "B" grade instead of an "A" grade,
21 which occurred on July 2, 2007. That grade may remain on Plaintiff's transcript, but it does not
22 amount to a continuing violation of his right to due process. Therefore, the continuing violations
23 doctrine does not apply to Plaintiff's claims.[1]

24 / / /

25

---

26  [1] The Court notes that according to this theory, the violations at issue continued until January
27  23, 2009, the date Plaintiff filed his Complaint with the Commission. (*See* Reply at 8.) However, Plaintiff fails to explain how the filing of that Complaint put an end to the "continuing" violations. Indeed, there is no evidence that filing the Complaint, in and of itself, had any effect on Defendant
28  Guerrero's conduct or Plaintiff's grade. Plaintiff's failure to explain how the filing of his Complaint effected the conduct at issue is yet another reason why the Court declines to apply the continuing violation doctrine to the facts of this case.

Plaintiff's argument for equitable tolling is also unavailing. Plaintiff argues he is entitled to equitable tolling while he pursued his claims through the College's grievance process, but he fails to cite any legal authority to support the application of equitable tolling under those circumstances. In the absence thereof, this Court declines to apply equitable tolling to the facts of this case.

In the absence of equitable tolling and the continuing violations doctrine, the Court agrees with Defendants that Plaintiff's assault and battery claims accrued on June 27, 2007, and his due process claim accrued on July 2, 2007. Applying the July 2, 2007 date, Plaintiff should have filed his government claim on or before January 2, 2008. He did not do so. If Plaintiff wished to pursue his claim, he should have filed an application to file a late claim on or before July 2, 2008. He did not do so. Indeed, he did not file that application until May 7, 2009, more than ten months later. Under these circumstances, this Court does not have jurisdiction to grant the requested relief. *See Brandon G. v. Gray*, 111 Cal. App. 4th 29, 34 (2003) (stating court "lacks jurisdiction to grant relief if the application to file a late claim was filed more than one year after the cause of action accrued."); *Munoz v. California*, 33 Cal. App. 4th 1767, 1779 (1995) (same) (citing *Greyhound Lines, Inc. v. County of Santa Clara*, 187 Cal. App. 3d 480, 488 (1987); *Kagy v. Napa State Hospital*, 28 Cal. App. 4th 1, 5 (1994) (same) (citing *Greyhound*, 187 Cal. App. 3d at 488). *See also Carr v. California*, 58 Cal. App. 3d 139, 146 (1976) (stating one-year deadline is "absolute requirement").[2]

### III.

### CONCLUSION

For these reasons, the Court denies Plaintiff's petition.

**IT IS SO ORDERED**.

DATED: January 20, 2010

_____
HON. DANA M. SABRAW
United States District Judge

---

[2] Absent jurisdiction, the Court need not address whether Plaintiff should be relieved of the government claim filing requirements due to mistake, inadvertence, surprise or excusable neglect. *See* Cal. Govt. Code § 946.6(c)(1) (stating court shall relieve petitioner from filing requirements if application is filed within one year *and* failure to present claim was due to mistake, inadvertence, surprise or excusable neglect)